# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACKLYN SIMPKINS** : | **CIVIL ACTION** |
| *Plaintiff* : | |
| v. : | **NO. 18-2380** |
| **STATE FARM MUTUAL** : | |
| **AUTOMOBILE INSURANCE CO.** : | |
| *Defendant* : | |

## ORDER

**AND NOW**, this 24th day of January 2019, upon consideration of Plaintiff's *motions for reconsideration*, [ECF 18, 19],[1] and Defendant's response in opposition thereto, it is hereby **ORDERED** that the motions are **DENIED**.[2]

**BY THE COURT:**

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] Plaintiff appears to have filed the same motion twice. [ECF 18, 19].

[2] This matter involves a motor vehicle accident wherein Plaintiff alleges to have suffered a closed head injury, as well as neck and shoulder pain. On December 13, 2018, Defendant filed a *motion to compel*, seeking an order directing Plaintiff to produce signed HIPPA medical authorization forms for records from Penn Foundation, Dr. Sherri Zheng, and Dr. Ginger Rowan. [ECF 15]. Plaintiff did not file any response nor objected to the motion within the permissible time. By Order dated January 7, 2019, the motion to compel was granted. [ECF 16]. On January 17, 2019, Plaintiff filed the instant *motions for reconsideration* and argues that the medical records sought are unrelated to this matter and that "Plaintiff's counsel made the mistake of thinking they were medical providers Plaintiff treated with for her injuries related to this accident and therefore did not object to them." [ECF 19 at 6]. Plaintiff's arguments are unpersuasive.

The scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Such motions are not to be used as an opportunity to relitigate decided issues; rather, they may be used only to correct manifest errors of law or fact, to present newly discovered evidence or an intervening change in law, or to prevent a manifest injustice. *Kerlinsky v. Main Line Hospitals, Inc.*, 2012 WL 4050764, at *1 (E.D. Pa. Sept. 14, 2012) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion to reconsider may not raise new arguments that could have (or should have) been made in the context of the movant's original briefing. *See Walker v. Meisel*, 2012 WL 440686, at *1 (E.D. Pa. Feb. 10, 2012); *In re Linerboard Antitrust Litig.*, 2008 WL 4461914, at *3 (E.D. Pa. Oct. 3, 2008).

The grounds for Plaintiff's argument for reconsideration could have been timely raised in response to the *motion to compel* and were not. Clearly, these motions to reconsider fail to either "correct manifest errors of law or fact, to present newly discovered evidence or an intervening change in law, or to prevent a manifest injustice." *See Kerlinsky*, 2012 WL 4050764, at *1. Accordingly, the motions fail to meet any of the requirements for reconsideration and are, therefore, denied.